**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE KELLEY DARDEN, | No. 12-17814 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00663-SKO |
| v. | |
| MOHAMMED ARAIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding**

Submitted September 24, 2013***

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Geraldine Kelley Darden appeals pro se from the

district court's judgment dismissing her 42 U.S.C. § 1983 action alleging

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      Darden consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to her serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Darden's action because Darden did not allege facts showing that defendant acted with deliberate indifference when performing the lumpectomy or responding to Darden's medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and it is met only if the defendant knows of and disregards an excessive risk to the prisoner's health and safety; mistakes, negligence or malpractice do not rise to an Eighth Amendment violation).

The district court did not abuse its discretion in denying Darden's motion for appointment of counsel because Darden failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by dismissing the action without first providing an opportunity to amend after concluding that amendment

would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that dismissal without leave to amend is appropriate where the pleading cannot be cured by alleging other facts).

Darden's contentions concerning alleged denial of due process and equal access are unpersuasive and not supported by the record.

Darden's motions to add the legal principle of res judicata, filed on February 6, 2013 and March 19, 2013, are denied as unnecessary.

**AFFIRMED.**